**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
────────────────────────────────────

**MICHAEL VERDEL,**

                         **Petitioner,**          **07 Civ. 837 (JGK)**

        **- against -**                  **MEMORANDUM OPINION**
                                        **AND ORDER**
**SUPERINTENDENT RAYMOND J. CUNNINGHAM,**
**WOODBOURNE CORRECTIONAL FACILITY; and**
**WOODBOURNE CORRECTIONAL FACILITY,**

                         **Respondents.**
────────────────────────────────────

**JOHN G. KOELTL, District Judge:**

        Petitioner Michael Verdel, pro se, seeks a writ of habeas
corpus pursuant to 28 U.S.C. § 2254.  The petitioner was
convicted of Criminal Possession of a Controlled Substance in
the Third Degree, in violation of New York Penal Law § 220.16(1)
("Penal Law"), and Criminal Possession of a Controlled Substance
in the Fourth Degree, in violation of Penal Law § 220.09(1).
The petitioner was sentenced to two concurrent indeterminate
prison terms of six to twelve years.  For the reasons explained
below, the petition is denied.


                              I.

        The record reflects the following relevant facts.  On
September 13, 2000, New York City police officers William Meyer
("Meyer") and Jack Konstantinidis ("Konstantinidis") arrested
the petitioner upon suspicion of possession of a controlled
substance. (Hr'g Tr. 8-11, Jan. 22, 2002.)  Prior to the trial,

the petitioner sought to exclude evidence seized by Meyer.  The
trial court conducted a pretrial suppression hearing where Meyer
testified to the events that occurred leading up to the
petitioner's arrest.

According to Meyer, at approximately 4:10 a.m. on September
13, 2000, the officers observed the petitioner kicking at the
bottom of the doorway of a supper club and approached the
petitioner after he crossed the street.  (Hr'g Tr. 8.)  Officer
Meyer testified that he held onto the petitioner while
Konstantinidis investigated the doorway.  (Hr'g Tr. 8-9.)  Meyer
testified that the petitioner was dragging his right foot as
they moved towards a wall, which prompted Meyer to ask the
petitioner to lift his foot, under which he found a clear
plastic bag containing 34 small, blue bags of what was later
determined to be cocaine.  (Hr'g Tr. 9.)  Following this
discovery, Meyer testified that he proceeded to search the
petitioner, where he recovered a similar bag in the petitioner's
waistband.  (Hr'g Tr. 9-10.)  At the stationhouse, the
petitioner was searched again and the police recovered a cell
phone, $528 in United States currency, and £100 in British
pounds.  (Hr'g Tr. 11.)

The petitioner moved to suppress the drugs and money seized
by the police.  During the pretrial suppression hearing, the
petitioner's trial counsel, Frederick C. Hayes ("Hayes"),

requested additional time to review material produced by the prosecution pursuant to People v. Rosario, 173 N.E.2d 881 (N.Y. 1961). Defense counsel said he had only had about five minutes to review the material, and the court urged him to focus on what would be useful for the hearing. (Hr'g Tr. 3-5.) The Judge denied Hayes's requests for additional time and allowed Meyer's testimony to proceed despite Hayes's refusal to participate. (Hr'g Tr. 4-5.) At the conclusion of Meyer's brief direct testimony, which consumes about seven pages of the transcript, the court offered defense counsel another five minutes. Hayes, however, refused to cross-examine the witness. (Hr'g Tr. 13-14.) As a result, Hayes's participation in the hearing was limited to an objection during direct examination and two requests for Meyer to repeat himself. (Hr'g Tr. 5, 10, 11.) At the conclusion of the hearing, the trial court denied the motion to suppress. (Hr'g Tr. 20.)

Officer Meyer also testified at trial to the events that occurred on September 13, 2000, and was cross-examined by Hayes. At the conclusion of the prosecution's case, the petitioner's trial counsel sought an adjournment to secure Konstantinidis's presence as a defense witness, which was denied. (Trial Tr. 407-408.) Alternatively, defense counsel moved to admit Konstantinidis's grand jury testimony. (Trial Tr. 400.) The court denied this motion but gave a missing witness charge to

the jury in which the court instructed the jury that "you have a right . . . to decide if you think it appropriate that his testimony would not -- his testimony, rather, would contradict some aspect of the People's case." (Trial Tr. 448.)

Following the petitioner's conviction, the trial judge sentenced the defendant to a term of six to twelve years for Criminal Possession of a Controlled Substance in the Third Degree, to run concurrently with a term of six to twelve years for Criminal Possession of a Controlled Substance in the Fourth Degree, and consecutive to the sentence imposed in another case. (Sent. Tr. 17-18, Jan. 16, 2003.)

The petitioner subsequently filed a motion to set aside the verdict pursuant to N.Y. CPL § 300.30(1) on the grounds that it was error to fail to grant a continuance so that Konstantinidis could be called as a witness. The trial court denied the motion. (See Dannelly Decl. Ex. A.) The trial court found that there was no fault on the part of the prosecutor, who also sought the testimony of Konstantinidis. The trial court noted that the proposed testimony was not exculpatory and that at most the defense could have argued that inconsistencies were the "byproduct [of] a clumsy police attempt to frame [the defendant]," but there was "no other independent evidence of a frame-up. . . ." (Id. at 6.)

The petitioner timely appealed the judgment to the New York State Supreme Court, Appellate Division, First Department. On appeal, the petitioner argued that: 1) his defense counsel was ineffective for refusing to participate in cross-examination and argument at the suppression hearing; 2) he was denied his due process right to a fair trial and to present a defense when the trial court refused to grant additional time to review <u>Rosario</u> material, and refused to grant a one-day extension to secure Konstantinidis's presence at trial, or to admit his grand jury testimony; and 3) the interests of justice called for a reduction in the petitioner's sentence. (<u>See</u> Dannelly Decl. Ex. B.)

On October 13, 2005, the Appellate Division, First Department, unanimously affirmed the petitioner's conviction, <u>People v. Verdel</u>, 804 N.Y.S.2d 294 (App. Div. 2005), and on February 24, 2006, Judge Graffeo denied leave to appeal to the New York Court of Appeals. <u>People v. Verdel</u>, 845 N.E.2d 1290 (N.Y. 2006).

By petition dated January 19, 2007, the petitioner brought this timely petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner raises four grounds for relief. First, the petitioner claims that the state court's failure to grant an adjournment to secure Konstantinidis's presence at trial violated his right to confront or cross-examine a witness.

Second, the petitioner claims that the prosecution withheld evidence that would have assisted the defendant at trial, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Third, the petitioner argues that the trial court's refusal to grant him additional time to review the Rosario material violated his Fourth and Fourteenth Amendment rights to due process. Finally, the petitioner claims that he received ineffective assistance of counsel when his defense counsel refused to participate in the suppression hearing following the trial court's refusal to grant additional time for preparation.

## II.

Before obtaining relief under 28 U.S.C. § 2254, a petitioner must exhaust his available state remedies. 28 U.S.C. § 2254(b)(1); see O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Jimenez v. Walker, 458 F.3d 130, 148 (2d Cir. 2006). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant habeas corpus relief to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. §
2254(d)(1)-(2); see also Hawkins v. Costello, 460 F.3d 238, 242
(2d Cir. 2006); Walker v. Girdich, 410 F.3d 120, 122 (2d Cir.
2005).

A state court decision is "contrary to" clearly established
law if "the state court arrives at a conclusion opposite to that
reached by [the Supreme Court] on a question of law" or "if the
state court confronts facts that are materially
indistinguishable from a relevant Supreme Court precedent and
arrives at a result opposite to" the Supreme Court's result.
Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court
decision involves "an unreasonable application of ... clearly
established Federal law" when the state court "correctly
identifies the governing legal rule but applies it unreasonably
to the facts of a particular prisoner's case." Id. at 407-08.

To meet that standard, "the state court decision [must] be
more than incorrect or erroneous"; it "must be objectively
unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003).
"[I]t is well established in [this] [C]ircuit that the
objectively unreasonable standard of § 2254(d)(1) means that [a]
petitioner must identify some increment of incorrectness beyond
error in order to obtain habeas relief." Cotto v. Herbert, 331
F.3d 217, 248 (2d Cir. 2003) (internal quotation marks omitted).

A.

The petitioner first argues that the trial court deprived
him of his right to cross-examine a witness who testified
against him before the grand jury.  Construing this argument
liberally, the petitioner appears to be challenging the trial
court's failure to grant additional time to secure
Konstantinidis's presence at trial or to admit his grand jury
testimony.

A petitioner's right to compulsory process for obtaining
witnesses in his favor is violated when the State arbitrarily
denies a defendant the opportunity to examine a witness whose
testimony would be favorable and material to the defense.
Singleton v. Lefkowitz, 583 F.2d 618, 623 (2d Cir. 1978) (citing
Washington v. Texas, 388 U.S. 14, 23 (1967)).  This requires
some indication of what favorable evidence the witness could
provide.  Id. (citing United States v. Taylor, 562 F.2d 1345,
1361-62 (2d Cir. 1977)).  Therefore, it is within a trial
court's discretion to deny a request for a continuance in order
to secure a witness's testimony, if there is no showing that the
witness is sufficiently material to the case.  See, e.g.,
Vasquez v. Walsh, No. 06 Civ. 3112, 2008 WL 619043, at *5-6
(S.D.N.Y. Mar. 5, 2008); see also United States v. Fields, 263
F. App'x 156, 157 (2d Cir. 2008).

The trial court's decision to deny the petitioner's request for a continuance was not contrary to or an unreasonable application of clearly established Federal law. During the trial, defense counsel argued that there were inconsistencies between Meyer's and Konstantinidis's versions of the events surrounding the petitioner's arrest. Both the trial court and the Appellate Division, however, found that Konstantinidis's proposed testimony was not exculpatory and that any alleged inconsistencies in the officer's testimony were not material. Verdel, 804 N.Y.S.2d at 296. Because the petitioner has not sufficiently demonstrated that Konstantinidis's testimony was material to his defense, this Court cannot find that the state court's decision was contrary to or an unreasonable application of clearly established Federal law.

B.

The petitioner next alleges that, in violation of the Fourteenth Amendment and Brady, the prosecution withheld evidence that could have helped the petitioner's case. There is no indication that this claim was presented to the state court, and therefore the claim is unexhausted. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan, 526 U.S. at 842.

Under 28 U.S.C. § 2254(b)(2), the court has the discretion to deny claims on the merits despite a failure to exhaust. The

Court of Appeals for the Second Circuit has yet to articulate a uniform standard for denying unexhausted claims:

> [T]he majority of district court decisions in this Circuit have embraced a 'patently frivolous' test for dismissing unexhausted claims, while [a] minority of courts in this Circuit have expressed the test as whether 'it is perfectly clear that the [petitioner] does not raise even a colorable federal claim.'

Linares v. New York, No. 04 Civ. 2973, 2008 WL 2115231, at *2 (S.D.N.Y. May 14, 2008) (citing Toland v. Walsh, No. 02 Civ. 0399, 2008 WL 820184, at *15 (N.D.N.Y. Mar. 26, 2008)) (internal quotation marks omitted).

The Court, at this time, need not determine which test to adopt because the petitioner's claim fails under either standard. In order to establish a violation of Brady, a defendant must show that the Government failed to disclose favorable evidence, and that the evidence it suppressed was material. United States v. Payne, 63 F.3d 1200, 1208 (2d Cir. 1995) (citing Brady, 373 U.S. at 87). The petitioner has not identified any potential undisclosed Brady materials and has yet to set forth any specific facts indicating that such evidence was withheld. Conclusory or speculative allegations that the Government failed to disclose evidence are insufficient to support a Brady violation. See, e.g., Skinner v. Duncan, No. 01 Civ. 6656, 2003 WL 21386032, at *25 and n.39 (S.D.N.Y. June 17, 2003) (collecting cases). Because the petitioner's claim rests

entirely on conclusory statements it is both patently frivolous
and does not state a colorable federal claim, and this claim
must be denied.

C.

The petitioner's third claim alleges that the trial court
denied due process to the petitioner when it failed to afford
his counsel sufficient time to review <u>Rosario</u> material prior to
Meyer's testimony in the suppression hearing. Based on the
records submitted, the Court cannot find that the state court's
refusal to grant additional time to review <u>Rosario</u> material is a
basis for habeas relief.

Under 28 U.S.C. § 2254(e)(1), findings of fact by the state
court are presumed correct and the petitioner bears the burden
of rebutting this presumption by clear and convincing evidence.
In this case, the trial court found that the petitioner had been
given sufficient time to review the <u>Rosario</u> material for the
purposes of the suppression hearing.  (Hr'g Tr. 15.)  The
petitioner's trial counsel was familiar with the facts of the
case and had represented the petitioner for sixteen months.  The
Appellate Division found that:

> Only a small portion of [the <u>Rosario</u>] material related to
> the hearing, and this portion could easily have been read
> prior to the hearing, or in the time the court was prepared
> to give.  We note that counsel was already familiar with
> defendant's grand jury testimony, and his request for a

> delay to read the minutes of that testimony and discuss it
> with his client was unjustified.

Verdel, 804 N.Y.S.2d at 295-96. The petitioner does not

sufficiently refute this factual finding. Therefore, the Court

cannot find that the state court's finding that the defendant

had sufficient time to review the Rosario material for the

purposes of cross examination was an unreasonable finding of

fact, or that the decision to uphold the denial of a continuance

was contrary to or an unreasonable application of clearly

established Federal law.

Moreover, any error in failing to provide additional time

was harmless error. On collateral review of a state court

criminal judgment under 28 U.S.C. § 2254, "an error is harmless

unless it 'had substantial and injurious effect or influence in

determining the jury's verdict.'" Fry v. Pliler, 127 S.Ct.

2321, 2325 (2007) (quoting Brecht v. Abrahamson, 507 U.S. 619,

631 (1993) (internal quotations marks and citation omitted).

The petitioner has failed to explain how any additional time

would have aided in the cross examination of Officer Meyer or

how any cross examination could have resulted in suppression.

See, e.g., Zimmerman v. Burge, 492 F. Supp. 2d 170, 194 n.3

(E.D.N.Y. 2007); Rosario v. Att'y Gen. of N.Y., No. 00 Civ.

6681, 2001 WL 267641, at *16-17 (S.D.N.Y. Mar. 19, 2001). It is

well established that officers may approach a person, upon

reasonable suspicion, for the purposes of investigating possible
criminal behavior, even when there is no probable cause to make
an arrest. Terry v. Ohio, 392 U.S. 1, 22 (1968); United States
v. McCargo, 464 F.3d 192, 197 (2d Cir. 2006). Police, however,
must be able to point to specific and articulable facts that,
taken together with rational inferences from those facts,
reasonably warrant the intrusion on a citizen's liberty
interest. Terry, 392 U.S. at 21; see also United States v.
Elmore, 482 F.3d 172, 178-79 (2d Cir. 2007).

The record indicates that the officers recovered the first
bag of cocaine lawfully, in compliance with the standards set
forth in Terry. At the pretrial suppression hearing, Officer
Meyer testified that he witnessed the petitioner kicking the
bottom of the doorway to a supper club at approximately 4:10
a.m. (Hr'g Tr. 8.) Meyer proceeded to restrain the petitioner
while his partner, Konstantinidis, checked the doorway. (Hr'g
Tr. 9.) According to his testimony, Meyer observed the
petitioner acting strangely and dragging his right foot; when
Meyer asked the petitioner to raise his foot, Meyer saw the
narcotics under his foot. (Hr'g Tr. 9.) Following this
discovery, Officer Meyer conducted a search in he found a second
bag of cocaine, and the officers found the currency during a
subsequent search at the stationhouse. (Hr'g Tr. 9-11.)

Based on the testimony offered at the hearing, the discovery of both bags of cocaine and the currency was admissible and the petitioner has not presented any evidence to indicate otherwise.  Officer Meyer discovered the first bag during the initial investigation of a possible act of vandalism, in compliance with Terry.  Officer Meyer then secured the second bag of cocaine after conducting a lawful search incident to arrest.  See United States v. Robinson, 414 U.S. 218, 235 (1973).

The state court's determination that no additional time was required to review the Rosario material was not clearly erroneous and any potential error in refusing to grant additional time to the petitioner's trial counsel was harmless beyond a reasonable doubt.  Therefore, the petitioner's claim does not furnish a basis upon which federal habeas relief can be granted.

D.

Finally, the petitioner argues that he was deprived of his right to a suppression hearing and his right to counsel when his trial counsel "waived the hearing."  Because the petitioner did receive a hearing, the Court construes the petitioner's argument liberally to imply ineffective assistance of counsel based on

the defense counsel's failure to cross-examine Officer Meyer at the suppression hearing.

To establish a claim of ineffective assistance of counsel, the petitioner must show that: (1) his counsel's performance was deficient in that it was objectively unreasonable under professional standards prevailing at the time, and (2) that his counsel's deficient performance was prejudicial to his case. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

The petitioner cannot meet the first prong of this test merely by showing that his counsel employed poor strategy or made a wrong decision. Instead, the defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed ... by the Sixth Amendment." See Strickland, 466 U.S. at 687.

To meet the second prong of the Strickland test, the petitioner must show that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Blumenberg v. United States, Nos. 05 Civ. 9416, 01 Cr. 571, 2008 WL 1944012, at *2 (S.D.N.Y. April 30, 2008).

The petitioner's claim does not satisfy the first prong of the Strickland test. The state court found that the defense counsel had sufficient time to review the Rosario material and prepare for cross-examination. Verdel, 804 N.Y.S.2d at 296. The court also found that the defense counsel's failure to cross-examine Meyer was a strategic attempt to develop an issue on appeal. Id. As the Appellate Division explained:

> Although we find this conduct to be inappropriate, it appears to have been a strategic decision, seeking to create delay or establish an appellate issue, or made simply in recognition that cross-examination or further argument would have been fruitless.

Id. These findings are adequately supported by the record and, thus, are not clearly erroneous.

In addition, the petitioner's claim of ineffective assistance of counsel fails because there is no basis to find that the petitioner was prejudiced by the actions of his trial counsel. As explained above, the evidence subject to the suppression motion was obtained lawfully pursuant to a Terry stop and a subsequent search incident to an arrest. The petitioner has not presented any evidence demonstrating that the result of the proceeding would have been different but for the defense counsel's alleged ineffective assistance.

Because the defense counsel's actions were strategic and the admitted evidence was lawfully obtained, the petitioner

suffered no prejudice.  Therefore, the petitioner's claim of ineffective assistance of counsel provides no basis for granting habeas corpus relief.[1]


CONCLUSION

The Court has considered all of the petitioner's arguments. To the extent not specifically addressed above, they are either moot or without merit.  The petition is therefore **denied**. Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

The Clerk is directed to enter judgment and to close this case.


SO ORDERED.

Dated:  New York, New York
        July 11, 2008

                                _____
                                John G. Koeltl
                                United States District Judge

---

[1] The petitioner's reply brief refers to a claim of insufficiency of evidence upon which to base a conviction.  Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).  This claim was raised for the first time in a reply brief and is therefore not a proper basis to grant the petition. See Evangelista v. Ashcroft, 359 F.3d 145, 156, n.4 (2d Cir. 2004).  In any event, the claim is without merit.  The drugs at issue were recovered from under the petitioner's foot and from a search of his person, and the prosecution presented eyewitness testimony from Officer Meyer.  As a result, the evidence is sufficient to support a conviction.

17